*Carroll, for appellee.* .

## R. LEE CRAWFORD v. W. J. CLARK.

Bills and Notes—Fraudulent Sale to Hinder and Delay Creditors.

> Two notes were given to Benton, by A. M. and Z. C. Merrill. Benton then placed both notes in the hands of Richardson for collection and then assigned the receipt of Richardson to Crawford. In the absence of proof of a valid sale for a valuable consideration, or a satisfactory explanation as to the different transfers, it is held that creditors of Benton could attack the attempted collection of the notes by Crawford, as having been transferred to defraud creditors.

APPEAL FROM ESTILL CIRCUIT COURT.

June 6, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Benton, as first and principal defendant, being party to the issue and apparently interested therein was, as adjudged by the circuit court, incompetent as a witness for his volunteer co-deft.

The execution of A. M. Merrill's note to Benton in discharge of Z. C. Merrell's note to him, and also of Z. C. Merrell's note to Townsend implied *prima facie,* that Benton then owned both of those notes. Townsend neither offered to become a party nor was apparently a necessary party to this suit, attaching the comprehensive note to Benton as his own exclusive property, and, without proof that the appellant, R. L. Crawford, held a beneficial interest in it, he had no right to intervene as a party. Even Benton's rejected deposition would not, if admitted as competent, prove that Z. C. Merrell's note to Townsend was executed through mistake to him alone, nor why it was so executed, if Crawford was equally interested as joint owner of the consideration of it, nor would it show satisfactorily why Benton was in possesion of the note to Townsend, nor why, so soon after his delivery of that note as well as Z. C. Merrell's note to himself to Richardson for collection, he assigned to Crawford Richard's receipt to him for both notes. He does not state that he *sold* those notes to Crawford or received from him a valuable consideration for that assignment.

Nor does either Benton or Richardson attempt to explain why Benton thus assigned Townsend's interest, nor why, after the assignment, A. M. Merrell's note for the amount of both notes was executed, not to Crawford, but to Benton, if Crawford, and not Benton, was the beneficial owner of all. Nor is there any explanation of Benton's urgent attempt to collect the amount of A. M. Merrell's note about the time of the *lis mote* in this case.

Altogether it seems quite clear to us that Crawford has no just cause to complain of the decree subjecting A. M. Merrell's note to Benton to the payment of Benton's debt.

Wherefore, the judgment is affirmed.

*Burnam, for appellant.*

*Cardwell, for appellee.*